UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMMAD TABATABAEI, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 1356 |
| ) | |
| v. ) | |
| ) | Judge Gettleman |
| MICHAEL CHERTOFF, et al. ) | |
| ) | |
| Defendants. ) | |

# ANSWER

Defendants, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, answer the plaintiff's complaint and petition for a writ of mandamus as follows:

### First Defense

The court lacks subject matter jurisdiction.

### Second Defense

The complaint fails to state a claim upon which relief may be granted.

### Third Defense

Relief should be denied plaintiff as an exercise of judicial discretion to withhold relief. Defendants respectfully submit that even if the court is empowered to act, this is not an appropriate case for the court to engage in the business of reordering agency priorities, or jeopardize national security or the public safety by ordering the application to be adjudicated out of order thereby prejudicing the numerous individuals who met the requirements for adjustment of status before him and who are waiting to have their case adjudicated.

**Fourth Defense**

This matter is not ripe for adjudication because the statutorily required security checks have not been completed.

**Fifth Defense**

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

1. This petition is brought to compel action on an Application for Naturalization ("N400") under Section 334 of the Immigration and Nationality Act properly filed with the United States Citizenship and Immigration Services ("USCIS") by the Plaintiff. To the Plaintiff's detriment, Defendants have failed to adjudicate the application.

**ANSWER:** Defendant admits that plaintiff files this action "to compel action on an Application for Naturalization ("N400") under Section 334 of the Immigration and Nationality Act under Section 334." Defendant further admits that plaintiff's application for naturalization has not been adjudicated. Defendant denies the remaining allegations.

2. This court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. § 1334; 28 U.S.C. § 1361. This court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

**ANSWER:** Defendant denies that this court has jurisdiction to grant the relief requested. Defendant admits the remaining allegations.

3. This action is brought to compel the Defendants, officers and an agency of the United States, to perform the duties arising under the laws of the United States. This Court has jurisdiction

to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its or his or her official capacity and the person to whom the duty was owed suffered a legal wrong.  5 U.S.C. § 702.

**ANSWER:** Denied.

4. This action invokes the Plaintiff's right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.  This action is also brought due to the failure of the Defendants to perform their duty to adjudicate the Plaintiff's N-400 Application for Naturalization under Section 334 of the INA within 120 days after the examination on the Application is considered.  Failure to adjudicate said Application has resulted in harm to the Plaintiff.

**ANSWER:** Denied.

5. Venue is proper in the Northern District of Illinois because Plaintiff resides in the Northern District of Illinois and a substantial part of the activities complained of occurred in the Eastern District of Wisconsin.  See 8 U.S.C. § 1391(e).

**ANSWER:** Denied.

6. Plaintiff, Mohammad Tabatabaei, who has been a Lawful Permanent Resident for more than five (5) years.  He has continually resided in the United States and has satisfied the residency requirements for Naturalization, has been a person of good moral character and has demonstrated knowledge of the English language, U.S. Government and history as required by INA § 316, 8 U.S.C. § 1427.

**ANSWER:** Denied.

7. Defendant Michael Chertoff ("Chertoff"), the secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates has authority to adjudicate Naturalization Applications filed with the United States Citizenship and Immigration Services (USCIS) to accord applicants citizenship under the provisions of Section 335 of the INA, 8 U.S.C. § 1446.

**ANSWER:** Admitted.

8. Defendant Michael Mukasey ("Mukasey"), the Acting Attorney General of the United States, is being sued in his official capacity only. Mukasey is authorized to promulgate regulations governing the implementation and administration of the Immigration and Nationality Act pertaining to the naturalization of legal resident aliens and other qualified aliens.

**ANSWER:** Admitted.

9. Defendant Emilio T. Gonzales, the Director of the United States Citizenship and Immigration Services, is being sued in his official capacity only. His Under Secretary position within the Department of Homeland Security charges him with supervisory authority over federal and contract employees who are responsible for the processing of immigration benefits.

**ANSWER:** Admitted.

10. Defendant Ruth Dorochoff ("Dorochoff"), the Officer-in-Charge of the USCIS Chicago Field Office, is being sued in her official capacity only. Dorochoff is in charge with supervisory authority over all of Chicago USCIS operations and USCIS agents and officers acting in their official capacity.

**ANSWER:** Admitted.

11.     Defendant F. Gerard Heinauer ("Heinauer"), the Acting Director of the USCIS Nebraska Service Center, is being sued in his official capacity only. Heinauer is charged with supervisory authority over all of the Nebraska USCIS operations where Plaintiff's application is currently pending.

**ANSWER:** Admitted.

12.     Defendant Robert S. Mueller III ("Mueller"), Director of the Federal Bureau of Investigation ("FBI"), is being sued in his official capacity only. Mueller has authority over the FBI's actions and the actions of its agents and officers. The FBI is statutorily obligated to conduct security checks on all Applications for Naturalization.

**ANSWER:** Admitted.

13.     Plaintiff filed Form N-400, Application for Naturalization in June 24, 2006, with the USCIS pursuant to Section 334 of the Immigration Act of 1990, Pub. L.No. 101-649, 104 Stat. 4978, 8 U.S.C. § 1445.

**ANSWER:** Admitted.

14.     Plaintiff followed the appropriate procedures for the Naturalization process, including having fingerprints taken in accordance with the procedures set up by the Defendants.

**ANSWER:** Admitted.

15.     On August 2, 2006, Plaintiff filed an application for naturalization, in over two years the Plaintiff has never been scheduled for an interview.

**ANSWER:** Denied. Defendant avers that plaintiff submitted his application on July 24, 2006.

16. That there has not yet been a decision on Petitioner's N-400 Application, despite the fact that it has been pending since June of 2006 and despite numerous inquires with CIS.

**ANSWER:** Denied.

17. The Plaintiff's wife is presently in removal proceedings and the Immigration Court has agreed to continue her case for a limited period of time, pending a determination of the Plaintiff's petition for naturalization.

**ANSWER:** Denied, for lack of information or knowledge.

18. That the Defendants' failure to adjudicate the Plaintiff's application for naturalization has placed the Plaintiff's wife in jeopardy of being ordered removed from the United States.

**ANSWER:** Denied, for lack of information or knowledge.

WHEREFORE, defendants deny that plaintiff is entitled to any relief and request that this action be dismissed.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163
    kurt.lindland@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**ANSWER**

were served July 9, 2008, pursuant to the district court's ECF system as to ECF filers.

s/ Kurt N. Lindland
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163
